## CUNNING v. GRIFFIN
### No. 83-957
County Court, Lake County
September 20, 1983

David B. Jones, Rush, Marshall, Bergstrom, Reber & Gabrielson, for plaintiffs.

Edmund T. Woolfolk, Woolfold & Estes, for defendants.

W. A. MILTON, JR., County Judge.

THIS CAUSE having come on to be heard July 8, 1983 upon Plaintiff's Complaint for Removal of Holdover Tenant and Defendant's Motion to Dismiss, and the parties having stipulated in open court as to the essential facts of the case, and the Court having heard the arguments of counsel and being fully advised, finds as follows:

This is a case of first impression for this Court.

Plaintiffs are the owners of a mobile home park. Defendants were formerly employed by Plaintiffs as maintenance man and manager of the mobile home park, respectively, the employment having been terminated effective April 1, 1983. Since prior to January 1, 1975, as an incident of their employment, Defendants were furnished without rent and without an agreement as to tenancy, a mobile home lot, upon which was located a mobile home which Defendants owned and occupied as their residence. The employment agreement was oral, at will, and Defendants were paid wages or salary on a monthly basis. Following termination of their employment, Defendants were notified that they must vacate the mobile home lot by May 1, 1983. The Defendants having failed to vacate, this action ensued, and Defendants were served with the original complaint and summons in this case on June 24, 1983.

The issues of the case concern the defense affirmatively raised by Defendants that Chapter 83, Florida Statutes, Part III (Section 83.750 through 83.797), known as the "Florida Mobile Home Landlord and Tenant Act", is applicable to the facts of this case, precluding summary eviction of Defendants pursuant to Chapter 83, Florida Statutes, Part II (Section 83.40 through 83.66), known as the "Florida Residential Landlord and Tenant Act". Plaintiffs acknowledged that none of the grounds for eviction enumerated in Florida Statutes Section 83.759 apply, and that their only remedy is to pursue eviction under Chapter 83, Florida Statutes, Part II.

It appears that our Legislature in enacting Chapter 83, Florida Statutes, Part III, did not contemplate the situation which the facts of this case present. Although Chapter 83, Florida Statutes, was amended as recently as 1982 (Laws of Florida, Chapter 82-66), Part II thereof continues to apply to those mobile home tenancies to which Part III is not applicable. Florida Statutes Section 83.46(3) specifically applies to a dwelling unit which is furnished as an incident of employment, and Section 83.43(2)(c) continues to define "dwelling unit" to include a mobile home lot. There is no equivalent provision in Part III dealing with premises furnished as an incident of employment.

Florida Statutes Section 83.751 states that "The provisions of this part (III) shall apply to tenancies in which a mobile home is placed upon a rented or leased lot in a mobile home park for residential use. This part shall not be construed to apply to any other tenancy . . . . ". The lot in question was not rented or leased to Defendants, but rather was furnished as an incident of their employment by the owners of the mobile home park. Section 83.752(4) also fails to bring this case within the purview of Part III because, although it defines "mobile home lot rental agreement" to be any understanding by which the mobile home owner is entitled to place his mobile home on a mobile home lot for the payment of consideration to the mobile home park owner, in this case the consideration was paid to the Defendants by the mobile home park owner by furnishing the mobile home lot to Defendants without rent. Section 83.760 is not applicable to these facts because Defendants have not, at any time since prior to January 1, 1975, occupied the mobile home lot other than as an incident to their employment. This Court thus finds that Chapter 83, Florida Statutes, Part III is not applicable to the facts of this case, and that this proceeding for eviction pursuant to Part II and Florida Statutes Section 51.011 is proper.

It is therefore

ORDERED AND ADJUDGED that Plaintiffs have and recover from Defendants possession of the real property described as Lot

200A, Bonfire Mobile Home Village, 669 Lori Drive, Leesburg, Lake County, Florida, for which let execution issue INSTANTER; and it is

FURTHER ORDERED AND ADJUDGED that Plaintiffs have and recover from Defendants, jointly and severally, damages in the amount of $480.00 for the rental due April 1, 1983 through September 1, 1983, inclusive, plus court costs of $60.00, for a total of $540.00, for which let execution issue; and the Clerk of the Court is ordered to disburse to Plaintiffs the monies paid into the registry of the Court by Defendants pursuant to the Order of this Court, dated July, 1983, said amount to be a credit against the amount of this Judgment.